**CITIZENS AGAINST MARIJUANA LAWS, et al., Plaintiffs,**

v.

**William CLARK, Secretary of the Interior, et al., Defendants.**

**Civ. A. No. 84–1981.**

United States District Court, District of Columbia.

July 2, 1984.

John J. Privitera, Washington, D.C., James H. Fosbinder, Madison, Wis., for plaintiffs.

John D. Bates, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM

GESELL, District Judge.

Citizens Against Marijuana Laws filed this verified complaint June 29, 1984, challenging the regulations and procedures implemented thereunder by which the National Park Service of the Department of the Interior has issued a permit to another group for exclusive use of Lafayette Park, located opposite the White House, on July 4, 1984. The complaint was coupled with a motion for temporary restraining order and preliminary injunction which was heard the same day. Plaintiffs seek injunctive relief permitting them to demonstrate in Lafayette Park on July 4, 1984, with as many as 2,000 persons.

The Court finds that:

(1) A permit was applied for on the morning of July 5, 1983, by "The July 4 Family Celebration Coalition" (Coalition), and subsequently granted to the Coalition, to use all of Lafayette Park for the entire Fourth of July. This was the first day that a permit could be sought for July 4, 1984. Plaintiffs applied for a permit shortly thereafter on the same day, but lost out to the Coalition pursuant to the Department's

long-standing policy of issuing permits on a "first come, first served" basis.

(2) The Coalition expects about 2,000 people to attend its events in the Park, which are scheduled to cover most of the day and involve erection of booths and other structures, speeches using loud speaker equipment, and conduct of activities such as picnicking, music, and a "children's march."

(3) The views of plaintiffs and the Coalition are conflicting and there has been friction between the two groups in the past when each conducted activities in the same vicinity on the Fourth of July.

(4) The decision of the defendants to deny plaintiffs any use of Lafayette Park on July 4, 1984, was made in accord with governing regulations. Defendants' subsequent decision not to revoke the permit issued to the Coalition and thus allow plaintiffs access to the Park, made in response to plaintiff's recent request, was based on rational consideration of relevant factors which amply supported the decision. These factors include the inability to provide satisfactory police protection, difficulties encountered in the past when attempts were made to accommodate conflicting groups in Lafayette Park at the same time, and the adverse effect on long-established plans of the Coalition.

(5) Plaintiffs have been authorized to demonstrate on the Fourth of July at the Lincoln Memorial, to march past the front of the White House on Pennsylvania Avenue adjoining Lafayette Park, and apparently still can, if they wish, obtain a permit to use the Ellipse on the south side of the White House.

Plaintiffs have known since March that the Coalition had the exclusive permit for use of Lafayette Park on July 4th. They have "slept" on their claims, and as a result their request for injunctive relief at this late stage must be denied. Plaintiffs have failed to show, on the limited record before the Court, a strong likelihood of success on the merits of their claims, and have also failed to show any significant irreparable injuries given the alternatives open to them. Moreover, at this late stage any injunction would impose significant burdens on the Coalition, which is not a party to this action and which has made its extensive plans for full use of Lafayette Park in good faith reliance on the validity of its permit. Accordingly, plaintiffs' motion for a temporary restraining order and preliminary injunction must be denied.

Plaintiffs' challenge to the validity of the regulations and the procedures implementing them, and its prayer for monetary damages, will be considered in regular course.

An appropriate Order denying plaintiffs' motion and setting a status conference to schedule further proceedings is filed herewith.